# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2012

No. 11-31109
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM JOSEPH JOHNSON, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CR-73-1

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

William Joseph Johnson Jr. appeals the sentence imposed following his guilty plea conviction for bank fraud, knowingly making, uttering, and possessing counterfeit securities, and aggravated identity theft. Johnson argues that the district court erred by determining that his conduct in French Lick, Indiana, Spokane, Washington, and New Orleans, Louisiana, was relevant conduct because that conduct was not part of a common scheme or plan as his offense conduct, because that conduct was too remote in time from his offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conduct, and because he could face double jeopardy if he is prosecuted for that conduct in another jurisdiction. He maintains that the district court's erroneous relevant conduct determination caused his enhancement for amount of loss to be too high. Johnson further argues that the district court erred by applying a two-level enhancement for his relocating a fraudulent scheme to another jurisdiction to evade law enforcement or regulatory officials. He asserts that he did not relocate his offense conduct anywhere because he did not attempt to defraud Dimension Development, the victim of his offense conduct, while in a different jurisdiction. He states that he was arrested in Indiana for his fraud in French Lick, and he contends that this shows he was not evading law enforcement.

We review the district court's application or interpretation of the Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "Unless the factual finding is implausible in light of the record as a whole, it is not clearly erroneous." *United States v. Griffith*, 522 F.3d 607, 611-12 (5th Cir. 2008). A district court's determination of what is relevant conduct is a factual finding reviewed for clear error. *United States v. Buck*, 324 F.3d 786, 796 (5th Cir. 2003).

In his offense conduct, Johnson was hired as an assistant controller, obtained prior invoices that had already been paid, altered the invoices, printed checks made payable to the financial institution at which he was banking, and deposited the checks into his personal accounts. In French Lick and Spokane, Johnson also obtained employment as an accounting professional at a hotel, and he counterfeited hotel checks for deposit in his personal accounts. In New Orleans, Johnson obtained employment as an accounting professional at a hotel, and he diverted hotel money into his personal accounts. Accordingly, Johnson's relevant conduct had a similar modus operandi as his offense conduct, making it part of a common scheme or plan as his offense conduct. *See* U.S.S.G. § 1B1.3,

comment. (n.9(a)). While Johnson's relevant conduct had different victims and may have had slightly different methods than his offense conduct, "the evidence does not so differentiate them to render the district court's ruling clearly erroneous." *Buck,* 324 F.3d at 797.

Given the similar modus operandi, Johnson's relevant conduct was not too temporally remote. *See United States v. Hinojosa,* 484 F.3d 337, 341-42 & n.1 (5th Cir. 2007). The enhancement of Johnson's sentence because of the relevant conduct does not raise double jeopardy concerns. *See Witte v. United States*, 515 U.S. 389, 401-02 (1995). The district court did not clearly err by finding that Johnson's conduct in French Lick, Spokane, and New Orleans was relevant conduct and including the loss amounts from that conduct in its total loss calculation. *See Buck,* 324 F.3d at 796-97.

The facts set forth in the PSR showed that Johnson frequently moved from jurisdiction to jurisdiction in the time period that he performed his offense conduct and relevant conduct, that Johnson would leave the jurisdiction where he was located when it appeared that his fraudulent scheme would be discovered, that Johnson used false social security numbers to obtain employment where he conducted his fraudulent scheme, and that Johnson performed the same fraudulent scheme against different victims in different jurisdictions. As Johnson did not present evidence contradicting these facts, the district court was free to rely on these facts without further inquiry. *See United States v. Huerta*, 182 F.3d 361, 364-65 (5th Cir. 1999). From these facts, the district court could conclude that Johnson "relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to evade law enforcement or regulatory officials." U.S.S.G. § 2B1.1(b)(9)(A) (2009). Johnson has not shown that the district court clearly erred by applying the enhancement. *See id.*

AFFIRMED.